UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STUART KILGORE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:25-cv-00498 (UNA) |
| SATOSHI NAKAMOTO, et al., | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a civil complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application and, for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of the District of Columbia, sues "Bitcoin," and ostensibly, two of its developers. *See* Compl. at 1–2, 4. The allegations are vague and spare. Plaintiff states, without any context, that "the company," presumably Bitcoin, "was designed together and the owner agreed to 50/50 profit sharing." *See* Compl. at 4. He demands approximately $15 billion in "dividends since 2018." *See id*. He does not identify a single cause of action, nor does he cite to any legal authority. No other information or details are provided.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate

defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Here, neither the court nor the defendants have received adequate notice of plaintiff's intended claims. Plaintiff's allegations are ambiguous, at best, but a complaint's "allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Because plaintiff has failed to state a discernible claim, and has also failed to establish subject matter jurisdiction in this court, this case is dismissed without prejudice. A separate order of dismissal accompanies this memorandum opinion.

Date:   April 8, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge